COUNTIES AND COUNTY OFFICES The effect of House Bill 1413 of the First Regular Session of the Thirty-sixth Oklahoma Legislature (1977), by striking the words "as of July 1, 1973," is to revive and restore the entitlement of certain county officers to increases in their base salaries computed on the basis of increases to the net assessed valuation or population of the respective counties wherein they serve. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Under House Bill 1413 of the First Regular Session of the Thirty-sixth Oklahoma Legislature, amending the "County Officers Salary Act" as set forth in 19 O.S. 180.62 [19-180.62] and 19 O.S. 180.64 [19-180.64] [19-180.64] (1976), are county officers entitled to a salary increase by adding to their base salaries increases computed on the basis of net valuation of the respective counties wherein they serve? House Bill 1413 of the First Regular Session of the Thirty-sixth Oklahoma Legislature (1977) basically provides for increases to the base salaries of certain county officers to be determined by adding to said base salaries certain increments based on the net valuation or serviceability or population of the county. In 1974, 10 O.S. 180.63 [10-180.63] (1971), was amended by adding the language "as of July 1, 1973," which had the effect of "freezing" the salaries based on the net valuation or population as of July 1, 1973. The 1977 Oklahoma Legislature and House Bill 1314 struck the words "as of July 1, 1973," which gives rise to the question of the effective date of the purported salary increases. After the language "as of July 1, 1973," was added, the opportunity for county officers to receive salary increases as the net valuation or population of the county increased laid dormant and suspended. The rights of the officers to the increases might be said to have continued to accrue as the net valuation and population of their respective counties increased because if the Legislature had intended otherwise it would undoubtedly have made substantive changes to the salary schedule rather than keeping intact the schedule and "freezing" salary additions by reference to the valuation or population as of July 1, 1973. The law authorizing the salaries of county officers, which was originally enacted prior to the present terms of said officers, was, as aforesaid, temporarily suspended, but it is apparent that, when the Legislature struck the language "as of July 1, 1973," it had the effect of and restoring an entitlement to the increased salaries previously mandated. The Oklahoma Supreme Court in the case of Board of County Commissioners of Tulsa County v. Stokes, Okl.,247 P.2d 526 (1962), recognized that salary increases based on changes in population or assessed valuation do not violate any constitutional inhibitions. In the body of the Stokes, supra, opinion, the following language appears: "We are committed to the rule that an increase (or decrease) in salary brought about solely because of a change in the population or assessed valuation does not violate any constitutional inhibitions. See Oklahoma cases in annotation, 139 A.L.R. 742." The constitutional section in question is Article 23, 10 of the Oklahoma Constitution, which provides in pertinent part: "Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment . . . ." (Emphasis added) It might be said that by striking the language "as of July 1, 1973," the 1977 Legislature has merely permitted the operation of the original "County Officers Salary Act" and the originally mandated increases thereto based on net valuation and population. Any other construction would result in unduly harsh treatment of county officers and their deputies and would fly in the face of the clearly stated legislative intent. The purpose of Article 23, Section 10, is to proscribe conduct whereby public officials utilize the authority and discretion derived from the electorate to directly or indirectly "feather their nests." That purpose could hardly be said to be present in the instant situation. County officers of this State should be entitled to receive the salaries and the additions thereto based on the net valuation or population of the counties wherein they serve, and the law should be construed so as to harmonize various enactments and provisions and to allow them to exist concurrently as long as they are not so disharmonious as to preclude that result. It is, therefore, the opinion of the Attorney General that your question be answered in the following manner. The effect of House Bill 1413 of the First Regular Session of the Thirty-sixth Oklahoma Legislature (1977), by striking the words "as of July 1, 1973," is to revive and restore the entitlement of certain county officers to increases in their base salaries computed on the basis of increases to the net assessed valuation or population of the respective counties wherein they serve. (LARRY DERRYBERRY)